# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* ERIC J. MURPHY. No. 90-P-605. July 3, 1991. *Joint Enterprise.*

Eric Murphy was convicted at a bench trial in District Court of breaking and entering a motor vehicle in the nighttime with intent to commit a misdemeanor. G. L. c. 266, § 16A. On the basis of the Commonwealth's theory of the case, Murphy's culpability flowed from his role as a participant in a joint venture. The judge imposed a fine of $200, plus a surfine of $50 and $15 in costs. In addition, the judge placed the defendant on six months' probation.[1] Murphy's appeal is from the denial of motions for a required finding of not guilty.

The criteria for reviewing a motion for a required finding of not guilty are familiar. We examine the evidence, in the light most favorable to the Commonwealth, to determine if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Commonwealth v. Mandile*, 403 Mass. 93, 94 (1988). *Commonwealth v. Cordle*, 404 Mass. 733, 738-739 (1989). *Commonwealth v. Pope*, 406 Mass. 581, 584 (1990). *Commonwealth v. Shapiro*, 10 Mass. App. Ct. 678, 679 (1980). *Commonwealth v. Amaral*, 13 Mass. App. Ct. 238, 239 (1982). Inferences drawn from the evidence are permitted if reasonable, possible, and not unwarranted because too remote — although the inferences need not be necessary or inescapable. *Commonwealth v. Cordle*, 404 Mass. at 739. *Commonwealth v. Walter*, 10 Mass. App. Ct. 255, 257 (1980). *Commonwealth v. Arias*, 29 Mass. App. Ct. 613, 618 (1990), *S.C.*, 410 Mass. 1005 (1991). More than only "some record evidence, however slight," is necessary to avoid a required finding of not guilty. *Commonwealth v. Latimore*, 378 Mass. 671, 677-678 (1979). "Nor may a conviction rest upon the piling of inference upon inference or conjecture and speculation." *Commonwealth v. Mandile*, 403 Mass. at 94. *Commonwealth v. Walsh*, 407 Mass. 740, 743-745 (1990). Compare *Commonwealth v. James*, 30 Mass. App. Ct. 490, 494-499 (1991), with *Commonwealth v. Stewart*, 30 Mass. App. Ct. 569, 573-577 (1991).

---

[1] The government had charged the defendant under G. L. c. 266, § 16, with breaking and entering a motor vehicle in the nighttime with intent to commit a felony. The judge found the defendant to have committed a lesser included offense, i.e., breaking and entering with intent to commit a misdemeanor.

With those standards in mind, we rehearse the facts which the judge could have found on the basis of the Commonwealth's proof. At about 12:30 A.M., on August 14, 1989, Officer Allen MacGuire of the Newburyport police was on patrol in a marked police cruiser. He received a dispatch to be on the lookout for three white males. Precisely what provoked that dispatch was not admitted in evidence, although we may infer it involved some sort of asocial conduct by the threesome. As he approached the intersection of Federal and Horton Streets, Officer MacGuire noticed two white men standing near a blue pickup truck parked on Horton Street; a third young man stood in the middle of the street. One of the men near the truck entered the cab while the second leaned on the door and looked inside. The third man remained in the middle of Horton Street looking around. When the man in the middle of the street, who had been looking in the direction of the truck, shifted his glance and caught sight of the police cruiser, he fled, but the two men in the truck slammed the door shut and walked toward the cruiser. Officer MacGuire did not see both men shut the door together. What he saw was the presence of both men at the door when it shut. MacGuire radioed a description of the fleeing man and then got out of the cruiser and spoke to the remaining two men. Both identified themselves and admitted that they did not own the truck. The man who was outside the truck, leaning and looking, was the defendant Murphy. He was approximately eighteen years old. The man who had climbed inside the cab was Michael Welsh. Officer MacGuire asked the two men what they were doing. He patted and frisked both and found an audio cassette in one of Welsh's pockets. The tape belonged to the son of the owner of the pickup truck, who had used the truck and parked it on Horton Street that night.

On the basis of testimony adduced by the defendants, the judge could have found that McCarthy, the third man, had met with Welsh and Murphy earlier that evening. While the three prowled the streets, they said nothing to each other about looking into cars. As they approached the pickup truck, McCarthy paused (to light a cigarette, he testified) while Welsh and Murphy continued toward the truck. McCarthy decided to run when he saw the police car. McCarthy had not seen Murphy inside the truck. Welsh claimed to have seen a pack of cigarettes on the dashboard of the pickup truck before he opened the door and snatched what Murphy quickly saw was an audio cassette. As Welsh entered the truck, Murphy was right behind him but remained outside.

Murphy made timely motions for a required finding of not guilty at the close of the Commonwealth's evidence and, again, at the close of all the evidence. See Mass.R.Crim.P. 25, 378 Mass. 896 (1979); *Commonwealth v. Casale*, 381 Mass. 167, 168 (1980).

Criminal liability based on joint enterprise requires of the defendant: (1) presence at the scene of the crime; (2) knowledge that another intends to commit the crime or intent himself to commit a crime; and (3) agreement

to be willing and available to help the other. *Commonwealth* v. *Bianco*, 388 Mass. 358, 366, *S.C.*, 390 Mass. 254 (1983). *Commonwealth* v. *Stewart*, 30 Mass. App. Ct. at 573. Unlike *Stewart*, which involved murder, a specific intent crime, the evidence of shared general intent in connection with breaking and entering to commit a misdemeanor may be inferred from less pointed evidence.

Here, the defendant's presence was undisputed, although presence itself is insufficient to establish participation in a joint venture. *Commonwealth* v. *Benders*, 361 Mass. 704, 708 (1972). *Commonwealth* v. *Amaral*, 13 Mass. App. Ct. at 241. Knowledge could be inferred from evidence that Welsh went to the truck, opened it and climbed in, while the defendant Murphy leaned against the door and looked in.[2] As is most often the case, the question of shared intent must be determined through inference. The inference need not, as we have said, be compelling; we think that on these facts it was permissible. See *Commonwealth* v. *Longo*, 402 Mass. 482, 487-488 (1988); *Commonwealth* v. *Costa*, 407 Mass. 216, 224-226 (1990); *Commonwealth* v. *Pope*, 406 Mass. at 586; *Commonwealth* v. *Amaral*, 13 Mass. App. Ct. at 241-243; *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 396-397 (1987) (common purpose may develop quite suddenly so that "at the climactic moments the parties consciously acted together;" there need not have been an anticipatory compact).

*Judgment affirmed.*

*James F. McNiff, II*, for the defendant.
*William J. Meade*, Assistant District Attorney, for the Commonwealth.

---

[2]It might also be possible that the joint venture included McCarthy, posted as a lookout in the middle of the street. His immediate flight when he looked from the direction of the truck to the police car permitted an inference of shared knowledge and intent. In point of fact, the judge found McCarthy not guilty and must, therefore, have decided that McCarthy had hung back, rather than having acted as a lookout. That McCarthy separated from the other two when the truck was broken into supports an inference that there was a reason to distance himself. The acquittal of McCarthy is not inconsistent with finding the other two men guilty.