COMMONWEALTH *vs.* KERRI A. GRIFFEN. May 20, 2005. *Abuse Prevention. Protective Order. Practice, Civil*, Service of process.

Kerri A. Griffen appeals from a judgment granting a petition filed by the Commonwealth seeking relief under G. L. c. 211, § 3. Griffen is charged with alleged criminal violations of a protective order issued under G. L. c. 209A. At trial, a judge of the District Court excluded the protective order from evidence on the ground that it was not properly served. On the Commonwealth's petition, a single justice of this court ordered that this ruling be vacated. We affirm.

The relevant testimony at trial was as follows. Griffen's father obtained the protective order, including no-contact provisions, ex parte from the Probate and Family Court. He was instructed to take a copy to the police department for service. He did so, providing two telephone numbers for Griffen and

informing the desk officer that Griffen was homeless (although the protective order indicated that she lived with him). The officer dialed one of the numbers, asked for "Kerri Griffen," and receiving an affirmative response, read the applicable terms of the protective order verbatim. He also told her she could come to the police station to get a copy of the order. She abruptly ended the call. The officer issued a return of service to the Probate and Family Court indicating that the order was served by telephone.[1]

The purported service by telephone was improper in the circumstances of this case. Under G. L. c. 209A, § 7, the defendant must be served with copies of the complaint, order, and summons unless otherwise ordered by the court. *Zullo* v. *Goguen*, 423 Mass. 679, 680 (1996). "When the appropriate law enforcement agency has made a conscientious and reasonable effort to serve the statutorily specified documents on the defendant, but has nevertheless failed, the agency should promptly notify the court so that a judge, if satisfied after a hearing that an appropriate effort has been made, may order that service be made by some other identified means reasonably calculated to reach the defendant." *Id.* at 681. In this case, the police officer neither served copies of the documents on Griffen nor sought an alternative order from a judge.[2]

However, the improper service does not render the order inadmissible in a prosecution for an alleged criminal violation of the order. "To establish a violation of G. L. c. 209A, § 7, the Commonwealth must prove that (1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000). It is settled that failure of service is not fatal to a conviction, although it may be relevant to whether the defendant had the requisite knowledge. *Commonwealth* v. *Delaney*, 425 Mass. 587, 593 (1997), cert. denied, 522 U.S. 1058 (1998). Nor does failure of service render an ex parte order invalid (although it may render a subsequent extended order invalid, see *Commonwealth* v. *Welch*, 58 Mass. App. Ct. 408, 409-410 [2003]). The officer testified that he read the order to Griffen verbatim. The order was thus relevant to show exactly what the officer said to her and to show Griffen's knowledge of the order and its terms. In these circumstances, the order should not have been excluded.[3]

*Judgment affirmed.*

---

[1] It appears from the record that Griffen appeared at a subsequent hearing where the order was extended for six months with some modifications.

[2] In addition, the Probate Court did not directly transmit the documents to the police department, but gave them to Griffen's father to take to the police. Griffen offers no reason why this apparent violation of G. L. c. 209A, § 7, should render the order inadmissible. In any event, it is difficult to see how Griffen could have suffered any prejudice from the manner in which the order reached the police.

[3] There is no merit to Griffen's contention that the Commonwealth's petition was untimely. The judge, after making his ruling, initially gave the Commonwealth until 4 P.M. that day to seek review, stating that he was inclined to enter a required finding of not guilty if the Commonwealth did not seek review. However, at the close of the day, the judge did not enter such a finding but instead continued the case. The Commonwealth filed its petition before the continuance date. There was no prejudice to Griffen from the timing of the petition.

*Mark A. Gallant* for the defendant.

*James A. Janda,* Assistant District Attorney, for the Commonwealth.