KENNETH EDGE *vs.* COMMONWEALTH.

Suffolk. February 7, 2008. - April 3, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Abuse Prevention. Stalking. Practice, Criminal,* Lesser included offense. *Constitutional Law,* Double jeopardy.

This court concluded that a prosecution under G. L. c. 265, § 43 (*b*), which penalizes stalking in violation of a court order, would violate the constitutional proscription against double jeopardy if the Commonwealth relied on conduct previously the subject of convictions of violating an outstanding abuse prevention order issued pursuant to G. L. c. 209A, § 7. [75-79]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 4, 2007.

The case was reported by *Cowin,* J.

*Carlo A. Obligato,* Committee for Public Counsel Services (*Brian A. Kelley,* Committee for Public Counsel Services, with him) for the defendant.

*Courtney Cahill,* Assistant District Attorney (*Kristen Stone,* Assistant District Attorney, with her) for the Commonwealth.

CORDY, J. On July 3, 2006, Kenneth Edge pleaded guilty to three counts of violating an abuse prevention order issued pursuant to G. L. c. 209A (209A order). G. L. c. 209A, § 7. For these offenses, he was sentenced to concurrent one-year suspended sentences. On October 27, 2006, a grand jury indicted Edge for the crime of stalking in violation of the same 209A order. G. L. c. 265, § 43 (*b*). In securing the indictment, the Commonwealth presented the grand jury with evidence of the incidents underlying the violations of the 209A order on which Edge had previously been sentenced.[1] Edge unsuccessfully

---

[1] The parties agree that in addition to evidence of the incidents to which the defendant had pleaded guilty, the Commonwealth also presented before the grand jury evidence of other incidents that violated the outstanding order is-

moved to dismiss the indictment on double jeopardy grounds. He subsequently petitioned the county court for relief pursuant to G. L. c. 211, § 3. The single justice reserved and reported the case to the full court "solely" on the question "whether double jeopardy is implicated by prosecution of the defendant for one count of stalking in violation of G. L. c. 265, § 43 (*b*)."

To answer the question posed by the reservation and report, we must determine whether the crime of violating a 209A order is a lesser included offense of the crime of stalking in violation of that same 209A order. If it is, the prosecution of the latter based on incidents already prosecuted as violations of the 209A order would violate the proscription against double jeopardy. *Brown* v. *Ohio*, 432 U.S. 161, 169 (1977) ("Whatever the sequence may be, the [double jeopardy clause] forbids successive prosecution and cumulative punishment for a greater and lesser included offense").

In determining whether one offense is a lesser included offense of another for double jeopardy purposes, we apply the "long-prevailing test in this Commonwealth [which] is whether each crime requires proof of an additional fact that the other does not." *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981), quoting *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). "If so, neither crime is a lesser included offense of the other." *Commonwealth* v. *Crocker, supra*, quoting *Commonwealth* v. *Jones, supra*. This test was adopted by the United States Supreme Court in *Blockburger* v. *United States*, 284 U.S. 299, 304 (1932) ("where the same act . . . constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"). Stated otherwise, in cases involving consecutive prosecutions, double jeopardy bars the latter prosecution if "the defendant might have been convicted in the earlier prosecution by proof of the facts

sued pursuant to G. L. c. 209A order (209A order), but for which he had not been convicted. The parties disagree on how to calculate the number of incidents that fall within each category (included or not included in the prior violations of the 209A order), but it is undisputed that a substantial part of the grand jury presentation involved evidence of the incidents of which Edge had previously been convicted.

charged in the later indictment." *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-307 (1972), and cases cited.

"To establish a violation of G. L. c. 209A, § 7, the Commonwealth must prove that (1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000). See *Commonwealth* v. *Griffen*, 444 Mass. 1004, 1005 (2005).

To establish the crime of stalking in violation of G. L. c. 265, § 43 (*a*), the Commonwealth must prove that the defendant "(1) willfully and maliciously engage[d] in a knowing pattern of conduct or series of acts over a period of time directed at a specific person which seriously alarm[ed] or annoy[ed] that person and would cause a reasonable person to suffer substantial emotional distress, and (2) [made] a threat with the intent to place the person in imminent fear of death or bodily injury." To establish the aggravated form of stalking at issue in this case, § 43 (*b*) (stalking in violation of court order), the Commonwealth must prove both a pattern of conduct constituting stalking under § 43 (*a*) and that the conduct violated (in this case) a 209A order that was in effect.[2]

We first note that § 43 (*a*) is a lesser included offense of § 43 (*b*). See *Commonwealth* v. *Alphas*, 430 Mass. 8, 12 n.4 (1999) ("stalking by harassment and stalking by following are lesser included offenses of stalking by harassment in violation of a court order and stalking by following in violation of a court order, respectively").[3] This is because a conviction of the crime of stalking does not require proof of any fact that the crime of stalking in violation of a court order does not. We

---

[2] General Laws c. 265, § 43 (*b*), provides: "Whoever commits the crime of stalking in violation of a temporary or permanent vacate, restraining, or no-contact order or judgment issued pursuant to . . . [G. L. c. 209A, §§ 3, 4, or 5] . . . shall be punished by imprisonment in a jail or the state prison for not less than one year and not more than five years."

[3] The Model Jury Instructions for Use in the District Court (rev. 1997) support this conclusion. Note 1 to Instruction 5.62 provides that, when giving an instruction for § 43 (*b*), rather than § 43 (*a*), the "instruction [for § 43 (*a*)] should be modified by adding as additional elements the existence and violation of such a court order."

similarly conclude that a violation of a 209A order does not require the proof of any fact other than what is required to prove stalking in violation of it. Consequently, it is also a lesser included offense of § 43 (*b*).

The Commonwealth's reliance on *Commonwealth* v. *Alphas*, *supra* at 12 n.3, to support its contention that proof of a violation of a 209A order requires proof of a fact not required for proof of a violation of § 43 (*b*), is misplaced. In the *Alphas* case, the court held that an order issued in connection with a divorce, directing the defendant not to harass, follow, or communicate with his former wife (except in emergency), was the equivalent of an order issued under G. L. c. 208, § 18. *Id.* at 11. The court further held that because the defendant violated the order, and § 18 orders are among those enumerated in § 43 (*b*), he was properly prosecuted for stalking in violation of § 43 (*b*). *Id.* at 11-12. In a footnote, the court suggested, in dicta, that the defendant could not have been prosecuted under G. L. c. 208, § 34C, the provision of G. L. c. 208 under which violations of orders issued under § 18 may be prosecuted, because he had not been properly served with the order as provided in that statute. *Id.* at 12 n.3. The footnote explained that "[s]atisfaction of the extra-statutory protections under § 34C," which requires officers to serve the defendant with a copy of the order and for the order to state that "VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE," "is not a prerequisite to prosecution under the stalking statute"; consequently, a "[v]iolation of § 34C is a separate offense from one under § 43(*b*)." *Id.*

The Commonwealth essentially contends that because G. L. c. 209A, § 7, and G. L. c. 208, § 34C, contain the same requirements of service, a conviction under G. L. c. 209A, § 7, requires proof that the defendant was served with the 209A order, a fact that the *Alphas* footnote suggests is not required to be proved under § 43 (*b*). Leaving aside the applicability of the footnote to this case, we have repeatedly held that proof of service is not required in a prosecution under G. L. c. 209A, § 7. *Commonwealth* v. *Griffen, supra* ("It is settled that failure of service is not fatal to a conviction"). *Commonwealth* v. *Delaney*, 425 Mass. 587, 593 (1997), cert. denied, 522 U.S. 1058 (1998) (failure to serve copy of extended 209A order on defendant not

bar to charging him with violation of G. L. c. 209A, § 7). What is necessary in such a prosecution is that the Commonwealth prove that a valid order was in effect, and that the defendant had fair notice of what the order prohibited. The same is required in a prosecution under § 43 (b), predicated on conduct violating a 209A order.[4] In sum, to the extent that the conduct constituting the violations of the 209A order of which Edge already has been convicted and sentenced is being subsequently prosecuted as a violation of § 43 (b), his right to the protection of the double jeopardy clause has been violated.

As expressed by the Appeals Court in *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 90-91, *S.C.*, 406 Mass. 1001 (1989), if such a holding could be seen as allowing an opportunistic defendant to "manipulate the system" by pleading guilty to a lesser offense to avoid a trial on the greater offense, the answer "is not to deprive defendants of their constitutional right to be free from successive prosecution, but, if greater charges are in the offing, for the government to ask that the District Court judge reject the proffered guilty plea." Here, the incidents all took place within a few months. The Commonwealth could have chosen not to prosecute the violations under G. L. c. 209A, § 7, and to proceed on a charge pursuant to § 43 (b), or initially it could have prosecuted some of the violations under G. L. c. 209A, § 7, and subsequently prosecuted others under § 43 (b).[5] Instead, it has attempted to prosecute the same violations twice, raising the double jeopardy issue now before us.

We answer the question reported by the single justice — whether a prosecution under § 43 (b) implicates double jeopardy concerns if the Commonwealth relies on conduct previously the subject of Edge's convictions of violating the 209A order — in

---

[4] A 209A order (other than an ex parte order) is not valid unless the defendant has notice of the proceedings, and has been given an opportunity to be heard at a meaningful time and place. See *Commonwealth* v. *Delaney*, 425 Mass. 587, 591-593 (1997), cert. denied, 522 U.S. 1058 (1998); *Commonwealth* v. *Welch*, 58 Mass. App. Ct. 408, 409 (2003).

[5] The Commonwealth also could have chosen simultaneously to prosecute Edge under both G. L. c. 209A and G. L. c. 265, § 43 (b), for the same conduct. Had the Commonwealth so proceeded and the jury returned guilty verdicts under both, the convictions pursuant to G. L. c. 209A would have been dismissed as duplicative. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 307-309 (1972).

the affirmative. The matter is remanded to the single justice for further proceedings consistent with this opinion.[6]

*So ordered.*

---

[6]The single justice did not report the question whether the indictment must be dismissed where the grand jury heard both evidence of conduct previously prosecuted under G. L. c. 209A, § 7, and evidence of conduct not previously prosecuted. In the concluding paragraph of its brief, the Commonwealth asserts that even if the violations of the 209A order are lesser included offenses of § 43 (*b*), it should be permitted to proceed to trial where it would be limited to offering evidence of the conduct not prosecuted. The question of remedy is not before us, but may be considered by the single justice further on remand.