## COMMONWEALTH vs. MARVIN A. REGIL.

No. 11-P-434.

Middlesex. April 12, 2012. - July 25, 2012.

Present: RUBIN, BROWN, & HANLON, JJ.

*Abuse Prevention. Practice, Criminal,* Instructions to jury, Request for jury instructions.

At the trial of a criminal complaint charging the defendant with violation of an abuse prevention order, the evidence of the defendant's statement to the victim was sufficient to support the defendant's conviction on a theory that he placed her in fear of imminent serious physical harm and thus violated the "no abuse" provision of the order as well as the "no contact" provision [276]; therefore, the general unanimity instruction given was adequate [276].

At a criminal trial, the judge did not err in denying the defendant's request for a missing witness instruction. [277]

COMPLAINT received and sworn to in the Malden Division of the District Court Department on December 23, 2009.

The case was tried before *Michael A. Uhlarik*, J.

*Devon Hincapie* for the defendant.

*Rachel Perlman*, Assistant District Attorney, for the Commonwealth.

RUBIN, J. The defendant was convicted of violation of an abuse prevention order, in violation of G. L. c. 209A, § 7. The c. 209A order ordered the defendant "not to abuse the [p]laintiff [the victim in this case] by harming, threatening or attempting to harm the [p]laintiff physically or by placing the [p]laintiff in fear of imminent serious physical harm" and "not to contact the [p]laintiff." Taken in the light most favorable to the Commonwealth, the testimony at trial showed that after the victim picked up her children from a visit with the defendant, the defendant threatened her in the presence of her mother, Carol; the victim's boyfriend, Carlos; and her mother's boyfriend,

Roberto. The victim testified that after she walked away from the defendant, he got into his car, made a U-turn and pulled up next to the victim, rolled down the window, pointed, yelled at her, "Watch your back, because you're dead," and sped off. The victim's mother testified to the same, and that she was "shocked" by the defendant's behavior.

The defendant raises three issues. He argues first that there was insufficient evidence to support his conviction on the theory that he violated the "no abuse" provision of the restraining order. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). He acknowledges, however, that there was sufficient evidence to support his conviction on the theory that he violated the "no contact" provision of the restraining order. We conclude that the evidence of the defendant's statement to the victim was sufficient to support his conviction of violation of the c. 209A order on the theory that he placed her "in fear of imminent serious physical harm." See G. L. c. 209A, § 1, as appearing in St. 1990, c. 403, § 2 (definition of "[a]buse").

This conclusion also disposes of the defendant's second argument, that, because there was insufficient evidence with respect to one theory of liability, the general unanimity instruction was inadequate. The defendant argues that in the absence of evidence to convict him under G. L. c. 209A, § 7, on the theory of "abuse," a specific unanimity instruction indicating unanimity on the "no contact" theory of guilt was required. As no such instruction was requested,[1] as the defendant acknowledges, we would in any event review this claim only to determine whether there was a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Cotto*, 69 Mass. App. Ct. 589, 594 (2007).

Our determination that there was in fact sufficient evidence with respect to each theory of guilt eliminates the premise of the defendant's argument, and his argument is therefore without merit. See *Commonwealth* v. *Federico*, 70 Mass. App. Ct. 711, 719-720 (2007). The defendant does not argue that if there is sufficient evidence on each theory, failure to give a specific unanimity instruction creates a substantial risk of a miscarriage of justice.

---

[1]Nor is it clear that one is required in the absence of a request.

Finally, the defendant argues that the judge erred in denying the defendant's request for a missing witness jury instruction with respect to the victim's boyfriend. See and compare *Commonwealth* v. *Spencer*, 53 Mass. App. Ct. 45, 52 (2001). Given the presence at trial of two other witnesses to the events in question, the judge's determination not to give a missing witness instruction on the basis that the victim's boyfriend was not called was not an abuse of discretion or otherwise erroneous. See Mass.G.Evid. § 1111(b)(3) (2012).

*Judgment affirmed.*