The defendant, Matthew Fitzpatrick, was convicted by a jury of kidnapping, assault and battery, and violating an abuse prevention order. On appeal, the defendant argues that (1) the evidence was insufficient to support convictions of kidnapping and violating the abuse prevention order; (2) the supplemental jury instructions on kidnapping were inadequate; and (3) he received ineffective assistance of counsel. We affirm.
1. Sufficiency of the evidence. a. Kidnapping. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
A defendant is guilty of kidnapping if he, "without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against [her] will." G. L. c. 265, § 26. The necessary confinement is "broadly interpreted to mean any restraint of a person's movement." Oberle, 476 Mass. at 548, quoting from Commonwealth v. Boyd, 73 Mass. App. Ct. 190, 193 (2008).
Here, the Commonwealth provided sufficient evidence of each element. The jury were entitled to believe the victim's testimony. See Commonwealth v. Miranda, 474 Mass. 1008, 1009 (2016). She testified that, once she refused to vacate the abuse prevention order and tried to leave the defendant's shed, the defendant punched her in the eye and said, "[Y]ou ain't going anywhere." He grabbed her by the hair and dragged her to his bed. He then banged her head against the bedpost until she lost consciousness. When she awoke, she repeatedly tried to get to her cellular telephone, but each time he dragged her back to the bed by her hair. Finally, he tied her to the bed and removed her clothes, ripping her shirt and bra. When she finally managed to untie herself, he threatened to kill her and himself if she tried to leave again. This was sufficient evidence to support a conviction of kidnapping. See Commonwealth v. Garcia, 470 Mass. 24, 28, 30 n.7 (2014).
The defendant attempts to excuse or justify his confinement of the victim on the basis of his 911 call to police that same night. The jury, however, readily could find that all the essential elements to support a kidnapping conviction were present before the defendant made the call. Similarly, the jury could disbelieve the defendant's statement in the 911 call that the victim was damaging his property. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017). In any event, whatever rights in defense of property the defendant had, they would not extend to striking the victim's head against a bedpost until she lost consciousness and then tying her to a bed. See Commonwealth v. Haddock, 46 Mass. App. Ct. 246, 250 (1999) ("A person may use no more force than reasonably necessary to remove a trespasser"). Accordingly, there was sufficient evidence of kidnapping.
b. Abuse prevention order violation. The victim's testimony, corroborated by photographs and medical records, established that the defendant (1) punched her in the face; (2) verbally harassed and threatened her with death; (3) subjected her to repeated head trauma to the point of losing consciousness; and (4) tied her to a bed. See Commonwealth v. Regil, 82 Mass. App. Ct. 275, 275-276 (2012) (threats of physical harm constituted abuse in violation of abuse prevention order). Contrary to the defendant's argument, whether the initial encounter between the defendant and the victim was incidental is irrelevant. The judge submitted the violation of an abuse prevention order charge only on a theory that the defendant violated the command not to abuse the victim. See Commonwealth v. Torres, 468 Mass. 286, 290 (2014), quoting from Commonwealth v. Housen, 83 Mass. App. Ct. 174, 178 (2013) ("[I]t is possible to violate an abuse prevention order in myriad ways"). Again, the jury were entitled to credit the Commonwealth's evidence, and there was sufficient evidence that the defendant violated the abuse prevention order.
2. Jury instructions. The judge declined to provide a supplemental instruction to the jury that a 911 operator may provide legal authority to the defendant to confine the victim. See Commonwealth v. Cabral, 443 Mass. 171, 182-185 (2005) (evaluating when surety has lawful authority to confine principal); Commonwealth v. Gonzalez, 462 Mass. 459, 463 (2012) (lawful authority may constitute defense to parental kidnapping). Pretermitting the question whether a 911 operator may provide such authority where the defendant provides vague, contradictory information and then disobeys the operator's instruction to stay on the line, there was no evidence here of a confinement occasioned solely by the 911 operator's instruction.
On the victim's testimony, the confinement began well before the 911 call and was caused by the victim's refusal to vacate the abuse prevention order. Certainly, the fact that the victim can be heard yelling, "I want to go, Matt. Let me out!" on the 911 call supported the victim's testimony. If the jury disbelieved the victim's testimony, however, there was no evidence that the defendant began confining the victim after hanging up on the 911 operator. Rather, as defense counsel argued, the 911 tape and the testimony of the responding officers called by the defense (who remembered nothing of note) were evidence that the victim left at that time. No view of the evidence permitted the inference that the defendant began holding the victim at the end of the 911 call for a reasonable amount of time until the police arrived. The judge had no obligation to instruct the jury on a theory not supported by the evidence. See Commonwealth v. Hinds, 457 Mass. 83, 88 (2010).
3. Ineffective assistance of counsel. When appealing on the basis of ineffective assistance of counsel, the defendant "must demonstrate that (1) defense counsel's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' ... and (2) he was prejudiced by counsel's conduct in that it 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). On direct appeal, assertions of ineffective assistance succeed "only where 'the factual basis of the ... claim appears indisputably on the trial record.' " Commonwealth v. Diaz, 448 Mass. 286, 289 (2007), quoting from Commonwealth v. Zinser, 446 Mass. 807, 811 (2006). In assessing whether the defendant was prejudiced, "a defendant is entitled to a new trial 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Lacoy, 90 Mass. App. Ct. 427, 439 (2016), quoting from Commonwealth v. Millien, 474 Mass. 417, 432 (2016).
Here, the defendant fails both prongs. Given that the defendant's arguments on lawful authority and defense of property are meritless, defense counsel's failure to raise them did not constitute deficient performance, nor deprive the defendant of substantial grounds of defense. See Commonwealth v. Butler, 464 Mass. 706, 719-720 (2013) (failure to raise nonmeritorious argument is not ineffective); Commonwealth v. Cooper, 91 Mass. App. Ct. 595, 602 (2017) (same). Defense counsel's not requesting an instruction on incidental contact was not ineffective, as the judge instructed the jury that the charge of violation of the abuse prevention order could be supported only by a finding of abuse, thus making incidental contact irrelevant. See Commonwealth v. Shea, 467 Mass. 788, 794 (2014) (incidental contact instruction is necessary "where the term of the order allegedly violated was to have no contact with the protected party").
Finally, the defendant's statements contained in his medical records concerning the cause of his injuries were admissible. See Commonwealth v. Dargon, 457 Mass. 387, 396 (2010), quoting from Commonwealth v. DiMonte, 472 Mass. 233, 242 (1998) (patient's "description of the acts [the patient] claims occurred constitute 'fact-specific references to the reported cause of [the patient's] injuries' made for purposes of obtaining medical treatment"); Commonwealth v. Belmer, 78 Mass. App. Ct. 62, 69 (2010). Accordingly, defense counsel's vigorous but unsuccessful efforts to exclude the medical records provided the defendant with constitutionally effective representation.
Judgments affirmed.