After a jury trial in the District Court, the defendant was convicted of breaking and entering a motor vehicle with the intent to commit a misdemeanor.[2] He appeals, arguing that the judge erred in denying his motion for a required finding of not guilty because the Commonwealth presented insufficient evidence to show that he had the requisite intent to commit the misdemeanor. We affirm.
"When reviewing a motion for a required finding of not guilty, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). We must consider whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Id. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979)." Commonwealth v. McWilliams, 473 Mass. 606, 610 (2016). General Laws c. 266, § 16A, as amended by St. 1966, c. 408, provides that "[w]hoever in the nighttime or daytime breaks and enters a ... vehicle with intent to commit a misdemeanor shall be punished ...." Here, as noted, supra, the defendant contests only the element of "intent to commit a misdemeanor."
At trial, the victim testified that, at 2:00 P.M. on April 12, 2015, he was standing in his kitchen looking out of the window overlooking his driveway, when he saw the defendant leaning into the open window of his daughter's car; the defendant's head and chest were inside the car, which was parked in the driveway some thirty feet from the roadway. Initially the victim thought the person could be his daughter's friend, who might have left something in the car from the night before and was merely stopping by to pick it up. However, when he realized there was no other car or bike in the driveway-only the defendant holding a skateboard-he concluded, "it just seemed, okay, this is not normal." When the victim went out into the driveway and confronted him, the defendant stated that he had not leaned into the car, rather, he was merely using the driveway to turn around.
At trial, the defendant reiterated that he had entered the driveway (an upward slope) for the purpose of slowing, or stopping, his "longboard" skateboard near the bottom of the steep hill he was descending.[3] He testified that it "was really the only way to stop." The defendant also insisted that, when he executed his turn, he did not touch either of the two cars parked in the victim's driveway, nor did he reach any part of his body into the daughter's car. The defendant maintained that he was not in the driveway for very long before the victim came out of the house; by that time, he testified, he had already made his turn and his back was toward the house.
A reasonable jury could have found this evidence sufficient to prove that the defendant had reached into the car, intending to commit the crime of larceny. "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial .... The inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Moore, 50 Mass. App. Ct. 730, 735 (2001), quoting from Commonwealth v. Longo, 402 Mass. 482, 487 (1988). Here, the defendant's intent to steal may be inferred from the fact that he "leaned" his head and chest into the car through the open passenger window and, when confronted, offered no explanation for his behavior, but, rather, insisted that he had not "reached into any cars that were in the driveway," but merely turned around in the driveway. See, e.g., Commonwealth v. Shedd, 140 Mass. 451, 453 (1886) ("There was evidence tending to prove that the defendant broke and opened the windows, which was the act alleged to have been done in the attempt to commit the burglary; and the jury might well have inferred, from the circumstances attending the act, and from the conduct and declarations of the defendant, that the act was done for the purpose of stealing"). See also Commonwealth v. Murphy, 31 Mass. App. Ct. 901, 903 (1991). Although the defendant here offered contradicting evidence, the weight of the evidence was for the jury to determine. See Commonwealth v. Lebron, 66 Mass. App. Ct. 907, 910 (2006) ("[C]redibility determinations are in the purview of the fact finder").
Viewing this evidence in the light most favorable to the Commonwealth, and all permissible inferences drawn therefrom, we are satisfied that the Commonwealth presented "enough evidence that could have satisfied a rational trier of fact of each ... element beyond a reasonable doubt." Commonwealth v. Torres, 468 Mass. 286, 292 (2014), quoting from Latimore, 378 Mass. at 677-678. That is, the jury reasonably could have concluded that the evidence was sufficient to prove that the defendant intended a larceny, albeit a misdemeanor, when he reached into the open window of the car while it was parked in the driveway of the victim's home. We see no error.
Judgment affirmed.

The defendant was acquitted of assault by means of a dangerous weapon.

The defendant testified that longboards can travel up to forty miles per hour.