NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12058

COMMONWEALTH  vs.  WAYNE MIRANDA.


May 12, 2016.


Practice, Criminal, Postconviction relief.  Joint Enterprise.
    Evidence, Joint venturer.


     Wayne Miranda was convicted of murder in the second degree and other offenses in 2008, and this court affirmed the convictions.  Commonwealth v. Miranda, 458 Mass. 100 (2010), cert. denied, 132 S. Ct. 548 (2011).  Miranda has filed a petition in the Federal District Court for a writ of habeas corpus.  A Federal judge stayed the petition and held it in abeyance to permit Miranda to exhaust State remedies.  Miranda accordingly filed a motion for relief from unlawful restraint pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), and a judge in the Superior Court denied the motion.  We granted Miranda's application for direct appellate review.  We affirm.

     At issue is whether, on direct appeal, we properly applied Commonwealth v. Zanetti, 454 Mass. 449 (2009), to determine that the evidence was sufficient to support his convictions.  In Zanetti, we clarified the legal principles concerning joint venture liability.  Id. at 461-468.  In particular, we stated that, in an appeal following a conviction, we will "examine whether the evidence is sufficient to permit a rational juror to conclude beyond a reasonable doubt that the defendant knowingly participated in the commission of the crime charged, with the intent required to commit the crime, rather than examine the sufficiency of the evidence separately as to principal and joint venture liability."  Id. at 468.  Miranda argues that this reformulation applies only to cases tried after we decided

Zanetti and that our application of it to his case violated ex post facto principles and his due process rights.

Since deciding Zanetti, we have made it clear that "[w]e apply the principles clarified in [Zanetti] to claims concerning the sufficiency of the evidence of joint venture, even though the trial preceded that decision." Commonwealth v. Benitez, 464 Mass. 686, 689 n.5 (2013). "[T]he only prospective application of the principles announced in our Zanetti decision pertains to our recommended jury instruction." Commonwealth v. Jansen, 459 Mass. 21, 28 n.20 (2011). Moreover, our decision in Zanetti "d[id] not enlarge or diminish the scope of existing joint venture liability," but was intended simply "to provide clearer guidance to jurors and diminish the risk of juror confusion in cases where two or more persons may have committed criminal acts." Zanetti, supra. Nothing in Zanetti criminalized any action that was lawful when Miranda committed it or deprived Miranda of any previously available defense. Nor can it be said that our decision in Zanetti was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." Rogers v. Tennessee, 532 U.S. 451, 461 (2001), quoting Bouie v. Columbia, 378 U.S. 347, 354 (1964). As our discussion in Zanetti makes clear, our decision was an outgrowth of decades, even centuries, of common law. Zanetti, supra at 461-468.

Finally, even if, as Miranda argues, he was entitled to have the evidence of principal liability and joint venture liability evaluated separately, the outcome would have been no different. As we said in Miranda's direct appeal, the evidence presented at trial was sufficient to convict Miranda as either the principal shooter or as a joint venturer. There were three witnesses, Reis, Andrade, and Rodriguez, all of whom "observed events that immediately preceded the shooting but did not see the shooting itself." Miranda, supra at 101. Reis testified that she "saw [Miranda] hand the gun to [his brother] Fagbemi, saw Fagbemi raise his arm and point the gun . . . and then heard two shots." Id. at 103. Andrade and Rodriguez heard the shots, saw the two brothers, but "did not see [Miranda] hand the gun over to anyone else." Id. "Andrade saw one of the Miranda brothers pass the gun to the other, but could not say which one passed the gun or which one received the gun." Id. at 103-104. Based on this testimony, "[t]he jury reasonably could have inferred the defendant knowingly participated in the shooting by committing the shooting himself (crediting the testimony of Andrade and Rodriguez) or by supplying Fagbemi with the means to commit the shooting (handing him the gun), with the intent that

Fagbemi do so (crediting Reis's testimony." <u>Id</u>. at 114.  Even under the pre-<u>Zanetti</u> formulation, the evidence was sufficient to establish either principal or joint venture liability under <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 676-677 (1979).

The order denying Miranda's motion for relief from unlawful restraint is affirmed.

<u>So ordered</u>.

<u>Robert F. Shaw, Jr</u>., for the defendant.
<u>Shoshana E. Stern</u>, Assistant District Attorney, for the Commonwealth.