After a jury trial, the defendant was found guilty of operating a motor vehicle while under the influence of alcohol in violation of G. L. c. 90, § 24 (1) (a ) (1) (OUI). He was sentenced to one year of probation, with a forty-five day loss of license, and also was ordered to enroll in the program required by G. L. c. 90, § 24D. On appeal, the defendant argues that the trial judge erred in denying his motion for a required finding of not guilty and that there was insufficient evidence to support his conviction. We affirm.
1. Background. On January 22, 2016, at approximately 2 A.M. , Officer Shawn Matthews of the Revere police department was working on Square Road in the vicinity of the Squire Exotic Night Club in Revere.[2] Matthews was checking license plates against information from the registry of motor vehicles, looking for individuals with arrest warrants or suspended drivers' licenses. In so doing, he learned that the owner of a particular car had a suspended driver's license. When the defendant left the club, entered that car, and drove out of the club parking lot, Matthews stopped him.[3]
Matthews approached the car and immediately smelled a "strong odor of alcoholic beverage." The defendant was the driver and the only person in the car. He asked the officer, "What the fuck did you pull me over for?" Matthews also observed that the defendant was slurring his speech and having difficulty pronouncing "even the most basic words." Matthews asked if he had been drinking and the defendant stated he had "three to four drinks." Matthews asked the defendant to perform two field sobriety tests and the defendant failed both.[4] Matthews then arrested the defendant for OUI. The defendant responded, "Fuck you, I've only had four drinks. I'm a little drunk. So fuckin' what?"
2. Discussion. "In evaluating whether the evidence at trial was sufficient to support [the defendant's conviction], we 'view the evidence presented in the Commonwealth's case-in-chief in the light most favorable to the Commonwealth and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Commonwealth v. Simpkins, 470 Mass. 458, 461 (2015), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). '[C]ircumstantial evidence is sufficient to establish guilt beyond a reasonable doubt,' Commonwealth v. Miranda, 458 Mass. 100, 113 (2010), cert. denied, 565 U.S. 1013 (2011), S.C., 474 Mass. 1008 (2016), and inferences drawn from such evidence 'need only be reasonable and possible; [they] need not be necessary or inescapable.' Commonwealth v. Beckett, 373 Mass. 329, 341 (1977)." Commonwealth v. Gonzalez, 475 Mass. 396, 407 (2016). See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). The defendant does not dispute the sufficiency of the evidence that he operated the vehicle on a public way. He only contends that the evidence was not sufficient to persuade a rational trier of fact that his ability to operate a motor vehicle safely was "impaired by intoxicating liquor." We disagree.
The defendant's several admissions to consuming alcohol, coupled with the strong odor of alcohol, slurred speech, and failed field sobriety tests supported the jury's conclusion that he was operating under the influence of alcohol. See Commonwealth v. Gallagher, 91 Mass. App. Ct. at 392-393 ; Commonwealth v. McCready, 50 Mass. App. Ct. 521, 522 (2000). Field sobriety tests have been deemed "incriminating 'not because the tests [reveal the] defendant's thoughts, but because [the defendant's] body's responses [differ] from those of a sober person.' " Gallagher, 91 Mass. App. Ct. at 393, quoting Commonwealth v. Brown, 83 Mass. App. Ct. 772, 776-777 (2013). The defendant's use of profanity -- and overall belligerence -- during the interaction with the police officer also were probative of his intoxication. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994), quoting Commonwealth v. Derouin, 31 Mass. App. Ct. 968, 970 (1992) ("Evidence of use of obscenities is 'probative on the issue of whether the defendant was intoxicated' ").
The defendant argues that, in the brief time that he drove, "[t]here was no evidence of impaired operation." However, "the offense of operating a motor vehicle on a public way while under the influence of intoxicating liquor requires the Commonwealth to prove both that the defendant consumed alcohol and that his capacity to drive safely was impaired, but it does not require the Commonwealth to 'prove the defendant actually drove unskillfully or carelessly' " (emphasis added). Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 354 (2015), quoting Commonwealth v. Connolly, 394 Mass. 169, 172 (1985). See Commonwealth v. Gerhardt, 477 Mass. 775, 780 (2017). We are satisfied that the Commonwealth met its burden here. The judge appropriately denied the defendant's motion for a directed verdict and the evidence was therefore sufficient to support the jury's verdict of guilty.
Judgment affirmed.

Matthews was the only witness at trial.

The stop occurred approximately 500 feet from the club's parking lot.

Matthews asked the defendant to complete the "nine-step-walk-and-turn" test and the "one-legged stand" test; he testified that the first test was not completed correctly "in any way, shape or form."