## COMMONWEALTH vs. FELIX PORTILLO.

Suffolk. February 9, 2012. - May 29, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Constitutional Law,* Admissions and confessions, Voluntariness of statement, Waiver of constitutional rights. *Practice, Criminal,* Admissions and confessions, Voluntariness of statement, Waiver, Transcript of evidence. *Evidence,* Admissions and confessions, Voluntariness of statement.

This court concluded that where the Commonwealth intends in its case-in-chief to offer at a criminal trial statements made by a defendant in a foreign language in a tape-recorded interview, a judge has discretion to require the Commonwealth to provide defense counsel in advance of trial with an English-language transcription of the interview, and to exclude the statements where the Commonwealth declines to do so. [326-332]

A District Court judge hearing a criminal defendant's pretrial motion to suppress evidence did not abuse her discretion in declaring that the Commonwealth could not offer in evidence an audio recording of an interrogation conducted in Spanish or police officers' testimony concerning statements made by the defendant during the interrogation while refusing to provide defense counsel with a translated transcript of the Spanish-language recording; however, this court vacated the order of exclusion of the defendant's statements and remanded the matter to the District Court to permit the Commonwealth the opportunity to decide whether promptly to prepare and provide a translated transcript, knowing that the defendant's statements would not be admitted unless the Commonwealth does so. [332-333]

COMPLAINTS received and sworn to in the Chelsea Division of the District Court Department on October 27, 2005, and December 9, 2009.

Following joinder of the cases, a pretrial motion to suppress evidence was heard by *Diana L. Maldonado,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Ireland,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Macy Lee,* Assistant District Attorney (*Nicholas Brandt,* Assistant District Attorney, with her) for the Commonwealth.

*S. Anders Smith* for the defendant.

GANTS, J. The defendant is charged in separate complaints with distribution of marijuana and possession of marijuana with intent to distribute, in violation of G. L. c. 94C, § 32C (*a*), and these complaints have been joined for trial in the District Court. The defendant moved to suppress statements he made to the police on August 13, 2005, following his arrest on the drug charges, claiming they were obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights because he had not been advised of his Miranda rights. That interrogation had been conducted in Spanish and tape recorded, but the Commonwealth did not provide notice of discovery of the audio recording of the interrogation until November 17, 2009, and did not provide the defendant with a copy of the audiotape until November 30.[1] The Commonwealth did not furnish defense counsel with either a Spanish-language transcript of the interrogation or a transcript with an English-language translation.

On February 9, 2010, when the motion to suppress was scheduled to be heard, the defendant orally moved to exclude the recorded statement because of the Commonwealth's failure to provide an English-language transcript. The Commonwealth contended that its only obligation in discovery was to provide the defendant with the Spanish-language audio recording of the interrogation. It argued that it should be permitted to offer the Spanish-language audio recording in evidence at trial, to offer testimony in English from the Spanish-speaking officers as to what the defendant said in Spanish during the interrogation, and to refresh the officers' memory with the recording. The judge found that the Commonwealth had "ample opportunity to have the tape [recording] transcribed and translated," but refused to do so. The judge allowed the defendant's motion to exclude the audio recording of his interrogation and the officers' testimony regarding the statements the defendant made during the interrogation.

The Commonwealth filed an application for leave to file an

---

[1]The reasons why the 2005 case had not been adjudicated more than four years after the defendant's arrest and why the audio recording was not earlier produced are not material to the issue on appeal.

interlocutory appeal under Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), which was allowed by a single justice of this court. The appeal was entered in the Appeals Court and then transferred to this court on our motion. We hold that where the Commonwealth intends in its case-in-chief to offer at trial statements made by a defendant in a foreign language in a tape-recorded interview, it is within the judge's discretion to require the Commonwealth to provide defense counsel in advance of trial with an English-language transcript of the interview, and to exclude the statements where the Commonwealth declines to do so.

1. *Discussion.* Under Mass. R. Crim. P. 14 (a) (1) (A) (i), as appearing in 442 Mass. 1518 (2004), "[t]he prosecution shall disclose to the defense, and permit the defense to discover, inspect and copy . . . at or prior to the pretrial conference . . . [a]ny written or recorded statements, and the substance of any oral statements, made by the defendant or a co-defendant." The prosecution, albeit belatedly, provided defense counsel with a copy of the audio recording of the defendant's interrogation by the police following his arrest. The Commonwealth contends that such production of a copy of the audio recording was all that was required under rule 14 (a) (1) (A) (i). We agree. The rule does not require the prosecution to make a transcript of a recorded statement. Nor, where the statement is made in a language other than English, does it require the prosecution to provide a translated English-language transcript of the foreign language statement.[2] In some criminal cases, especially where there are numerous tape recordings arising from electronic surveillance, the prosecution may not intend to offer in evidence many of the recordings, and the Commonwealth need not bear the considerable financial burden of translating and transcribing recordings it does not intend to use at trial or in any evidentiary hearing.

---

[2]We do not address whether the prosecution, as part of its obligation timely to provide the defendant with exculpatory information, would have an obligation to provide an English-language transcript of a foreign language audio recording where there is a significant risk that the exculpatory nature of the information would reasonably be missed by the defendant in the absence of a transcript. Here, the tape recording was in Spanish, the language of the defendant, and there is nothing in the record to suggest that it contained exculpatory information.

Where the prosecution intends to offer a defendant's recorded statement in evidence at trial or a pretrial evidentiary hearing, the steps necessary to admit such evidence depend on whether the language of the statement is English or, as here, a foreign language. Where the statement is in English, the prosecution may offer the recording in evidence without a transcript and rely on the fact finder's understanding of the recorded words. See *Commonwealth* v. *Gordon*, 389 Mass. 351, 355 (1983) ("We now conclude that it would be error for a trial judge to refuse to admit in evidence an audio recording of testimony at a District Court bench trial simply because the testimony is not presented in the traditional typewritten transcript form"). If the prosecution, however, wishes to provide the judge or jury with a written transcript of the recording, and to offer it in evidence or for identification as an aid to the finder of fact, the prosecutor must first provide defense counsel with a copy of the transcript adequately in advance of its proposed use. See *United States* v. *Morales-Madera*, 352 F.3d 1, 8 (1st Cir. 2003), cert. denied, 541 U.S. 965 (2004) ("Sound trial management and considerations of fairness caution that the government provide these copies to defense counsel adequately in advance, so that disputes concerning the reliability of the transcription . . . may be brought to the attention of the . . . court or resolved by agreement").

We adopt the following procedure established by the United States Court of Appeals for the First Circuit:

"We believe that it is advisable for the . . . court to try to obtain a stipulated transcript from the parties before trial or, at least, before a transcript is used. Failing such stipulation, each party should be allowed to introduce its own transcript of the recording provided that it is properly authenticated. When the jury receives two transcripts of the same recording, it should, of course, be instructed that there is a difference of opinion as to the accuracy of the transcripts and that it is up to them to decide which, if any, version to accept. The jurors should also be instructed that they can disregard any portion of the transcript (or transcripts) which they think differs from what they hear on the tape recording. Further limiting instructions will depend on the circumstances of each case."

*United States* v. *Rengifo,* 789 F.2d 975, 983 (1st Cir. 1986). See *United States* v. *Morales-Madera, supra.*

Where the recorded statement is in a language other than English, the prosecution does not have the option of offering the recording in evidence without a transcript. See *United States* v. *Morales-Madera, supra* at 7 (where recorded statement not in English, English-language transcript is "necessary"). The language of our State courts, like the language of the Federal courts, is English. *Id.* ("Participants, including judges, jurors, and counsel, are entitled to understand the proceedings in English"). See *Commonwealth* v. *Festa,* 369 Mass. 419, 430 (1976). Cf. 48 U.S.C. § 864 (2006) ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language"). Where another language is spoken in a recorded statement, the prosecutor may not offer the recorded statement in evidence without an English-language transcript, and may not rely on the jury's understanding of the foreign language to ascertain the meaning of the recorded words. See *Commonwealth* v. *Festa, supra* ("When there are sitting on the jury individuals who understand the language of the witness, they are to be instructed that it is the interpreted testimony in English that is evidence and not their own translations of the witness's answers"). See also *United States* v. *Placensia,* 352 F.3d 1157, 1165 (8th Cir. 2003) (judge instructed jury that "where the discussions were in Spanish, transcripts of the discussions as translated into English are evidence"); *United States* v. *Cruz,* 765 F.2d 1020, 1022-1023 (11th Cir. 1985) (jury properly relied on English transcripts of Spanish conversations). In these cases, the *only* evidence of the content of the recorded words is the English-language transcript, not the foreign language recording. See *Commonwealth* v. *Festa, supra; United States* v. *Morales-Madera, supra* at 6 ("When the court reporter transcribes the testimony of a witness who testifies in Spanish, the interpreter's English translation is the evidence entered in the record").

A foreign language recording generally is not admissible in evidence unless there is relevant evidence discernible on the recording other than the content of the statements made by the participants in the conversation. Such a recording could be

admissible, for example, if the defendant's tone of voice or inflection is relevant to a matter at issue, such as the voluntariness of a confession. It is within the judge's sound discretion to determine whether the probative value of the recording outweighs the risk of prejudice arising from jurors who understand the foreign language translating the words differently from the English-language transcript, or from jurors who do not understand the foreign language ascribing undeserved meaning to a tone of voice or inflection in that language. See *United States* v. *Estrada*, 256 F.3d 466, 473 (7th Cir. 2001) (judge did not abuse discretion in refusing to allow Spanish-language recordings to be played for jury because, "[u]nderstandably, the [judge] may have doubted whether a jury not proficient in Spanish would be able to properly comprehend from the tapes an individual's tone or inflection"); *United States* v. *Grajales-Montoya*, 117 F.3d 356, 367 (8th Cir.), cert. denied sub nom. *DeLuca* v. *United States*, 522 U.S. 983 (1997) (same); *United States* v. *Valencia*, 957 F.2d 1189, 1194-1195 (5th Cir.), cert. denied, 506 U.S. 889 (1992), overruled on another ground, *United States* v. *Keith*, 230 F.3d 784, 786 (5th Cir. 2000) (disagreeing with judge's conclusion that Spanish-language recording would not assist jury in their deliberations, but concluding that judge did not abuse discretion in excluding recording).

The same procedure for the admission of transcripts applies to English-language transcripts of foreign language recordings as to transcripts of English-language recordings, but the potential for disputes regarding the accuracy of a transcript is far greater, because disputes regarding the appropriate English-language translation are added to the usual disputes regarding the words heard on the recording. Where the differences cannot be resolved by agreement of counsel, the prosecution and the defendant are each entitled to offer their own transcript in evidence through the testimony of a translator who meets the criteria to be considered an expert in the foreign language.[3] See *United States* v.

---

[3] A translator need not be a "certified interpreter" or "qualified interpreter" as defined in G. L. c. 221C, § 1, to qualify as an expert. A translator may be qualified as an expert if she is fluent in the foreign language used in the recording and in the English language, and if her knowledge of these languages will assist the jury in understanding the accurate English translation of the statements made in the recording. See Mass. G. Evid. § 702 (2012).

*Morales-Madera, supra* at 8 (if parties cannot agree on translation, parties may "present testimony from translators and allow the jury to decide the issue"); *United States* v. *Jordan*, 223 F.3d 676, 688 (7th Cir. 2000); *United States* v. *Cruz, supra* at 1023. Because issues of translation may be complex and require a defendant to retain an expert translator (or, if indigent, to request approval by the judge of the funds needed to retain such a translator under G. L. c. 261, § 27C [4]), where the prosecutor intends to offer a defendant's recorded statement in a foreign language in evidence, the prosecutor must provide defense counsel an English-language transcript sufficiently in advance of trial to enable defense counsel to determine whether agreement can be reached regarding the transcript or whether a translator should be retained to prepare and defend a different English-language transcript.

The Commonwealth argued to the judge that it should be permitted to offer the defendant's statements in evidence without providing an English-language transcript and incurring the cost of translation and transcription.[4] The Commonwealth contended that the police officers who conducted the interrogation, each of whom is fluent in Spanish, should be allowed to refresh their memory of the 2005 interrogation by listening to the audio recording and then testify to the statements made by the defendant, translating the Spanish into English. The Commonwealth also contended that it should be permitted to offer in evidence the Spanish-language audio recording, without an English-language transcript, to show the voluntariness of the defendant's statement. In essence, the Commonwealth sought to avoid the procedure required to ensure that, where a defendant makes recorded statements in a foreign language, the jury receive an accurate English-language translation of the questions asked in a foreign language and the answers given in that language. The Commonwealth proposed instead that the defendant hear the English-language translation of the interrogation, reflecting the police officers' potential paraphrasing of the defendant's words based on their refreshed memory, only when the police officers testified at trial. The Commonwealth asserts that the defendant is indigent

---

[4]The Commonwealth estimates that the cost of preparing a translated transcript of the recorded interrogation is $2,120.

and should file a motion for funds to retain a translator if he wishes to challenge the officers' recollection or translation of the interrogation.

If no recording were made of the defendant's interrogation, the Commonwealth would be entitled to offer the defendant's statements in evidence through the testimony of the interrogating officers, and they would be permitted to testify in English to their recollection of what they asked in Spanish and what the defendant answered in Spanish.[5] See *Commonwealth* v. *Diaz*, 453 Mass. 266, 271 (2009) (officer testified to his conversations with defendant that were partially in Spanish); *Commonwealth* v. *Ortiz*, 435 Mass. 569, 574 (2002) (same). But where there is no recording, there is also no means for the defendant to ascertain the precise words used during the interrogation and to challenge the accuracy of the officers' recollection and translation with a translated transcript of the discussion.

Where, as here, a recording exists, such testimony would pose a series of problems. A prosecutor may not knowingly elicit false testimony. See *Commonwealth* v. *Earl*, 362 Mass. 11, 15 n.4 (1972) (defendant would be entitled to relief where prosecutor presents false facts either knowingly or by failing to correct testimony when it is apparent that it is false). See also Mass. R. Prof. C. 3.4 (b), 426 Mass. 1389 (1998) ("A lawyer shall not . . . counsel or assist a witness to testify falsely"). A prosecutor who elicits a defendant's statements from interrogating officers without a translated transcript risks reckless disregard of that obligation, because the prosecutor may not otherwise be certain that the officers' recollection and translation of the defendant's statements are consistent with the translated statements reflected in the audio recording. Where there is any significant deviation between the officers' testimony and the translated transcript, the prosecutor would have an obligation to reveal the deviation to defense counsel as part of the obligation to furnish exculpatory information, because the deviation would be a source of substantial impeachment of a key prosecution witness. See *Com-*

---

[5]If the unrecorded interrogation were custodial or conducted at a place of detention, the defendant would be entitled, on request, to the cautionary jury instructions provided in *Commonwealth* v. *DiGiambattista*, 442 Mass. 423, 447-448 (2004).

*monwealth* v. *Collins*, 386 Mass. 1, 8 (1982) ("Evidence tending to impeach the credibility of a key prosecution witness is clearly exculpatory"). If the defendant had prepared his own translated transcript and attempted to use it to impeach the testimony of the interrogating officer, the judge would be faced in the midst of trial with issues regarding the accuracy and admissibility of the defendant's transcript. Because the Commonwealth had not prepared a translated transcript or provided such a transcript to defense counsel, the judge would have no opportunity in advance of trial to resolve these transcript issues.

To avoid these potential problems, in the exercise of her inherent authority reasonably to manage a trial, the judge acted well within her discretion in insisting that the Commonwealth provide defense counsel with a translated transcript of the defendant's recorded statements that the Commonwealth intended to elicit at trial in its case-in-chief. Cf. *Commonwealth* v. *Means*, 454 Mass. 81, 92 (2009), quoting *Commonwealth* v. *O'Neil*, 418 Mass. 760, 764 (1994) ("the 'power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court' . . . is a power 'absolutely necessary for a court to function effectively and do its job of administering justice' "). Where an audio recording of a defendant's statements is in the possession or control of the Commonwealth and is audible, the fair administration of justice requires that the Commonwealth prepare a translated transcript of the statements the Commonwealth intends to offer in evidence at trial or in any pretrial evidentiary hearing, and provide the transcript to defense counsel, leaving sufficient time to resolve in advance of trial any questions regarding the accuracy of the translation. See *United States* v. *Morales-Madera*, 352 F.3d 1, 7-8 (1st Cir. 2003). If the Commonwealth chooses not to invest the time, money, or effort needed to prepare a translated transcript, it must pay the price of exclusion of the defendant's recorded statements.[6]

---

[6]We note that the position taken by the Commonwealth in this case would not generally save the taxpayers the expense of preparing a translated transcript, because, if the Commonwealth did not provide the transcript, a competent defense counsel would need to invest comparable time, money, or effort to prepare one, and the cost would generally be borne by the taxpayers because

Therefore, we conclude that the judge did not abuse her discretion in declaring that the Commonwealth may not offer in evidence the defendant's statements or the audio recording of the interrogation while refusing to provide defense counsel with a translated transcript of the Spanish-language recording. We vacate the order of exclusion and remand the matter to the District Court because we conclude that the Commonwealth should be given the opportunity to decide whether promptly to prepare and provide a translated transcript, now that it knows from this opinion that the defendant's statements will not be admitted in evidence unless it does so.

2. *Conclusion.* For the reasons stated, the judge's order of exclusion is vacated and the case is remanded to the District Court for further proceedings in accordance with this opinion.

*So ordered.*

most defendants are indigent. See Backus, The Right to Counsel in Criminal Cases, A National Crisis, 57 Hastings L.J. 1031, 1034 (2006) ("Poor people account for more than [eighty per cent] of individuals prosecuted").