NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-25

COMMONWEALTH

vs.

ORLANDO R. DIAZ-ARANA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a conviction, after a jury trial in the District Court, of violating an abuse prevention order, G. L. c. 209A, § 7, as well as from the denial of his motion for a new trial.[1]  We conclude that a reasonable juror could have found that the victim was placed in reasonable fear of imminent serious physical harm where the defendant called the victim twelve times, in violation of a court order, to demand that she take their child and then threatened to make her pay if she did

---

[1] The defendant also appealed from the denial of his motion for a postverdict required finding of not guilty.  See Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995).  The defendant appropriately makes no separate argument regarding the denial of this motion, which depends on the sufficiency of the trial evidence.

not do as he commanded.  Further concluding that failure to obtain a translation of the first voice message that added a statement by the defendant that he would come to the victim's workplace would not have provided a substantial ground of defense, we affirm.

1.  Sufficiency.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).  "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'"  Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 216 (2019), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016).

A finding of a violation of G. L. c. 209A, § 7, requires the Commonwealth to "prove that (1) a valid G. L. c. 209A order was issued by a judge, (2) the order was in effect on the date of the alleged violation, (3) the defendant had knowledge of the order, and (4) the defendant violated the order."  Commonwealth v. Telcinord, 94 Mass. App. Ct. 232, 235 (2018).  Here, only the

2

fourth element is in dispute, and the Commonwealth proceeded only on the theory that the defendant violated the order by placing the victim in "a reasonable fear of imminent serious physical harm." Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020), quoting S.V. v. R.V., 94 Mass. App. Ct. 811, 813 (2019).[2]

The victim testified that the defendant was supposed to care for their child from Thursday until Sunday at 4:30 P.M. On Friday around noon, while the victim was working, the defendant asked the victim to take the child because he had to do an errand. See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 666 (2020) (context of "vigorous dispute over parenting time" contributed to finding of abuse). She refused, and he then called twelve times in the next sixty-one minutes. According to the victim, the defendant then left a voice message demanding "[t]hat [she] pick up the phone, because if not, he was going to get even with [her], that there were going to be consequences," and called her "an asshole." Later that day, he left a message "[t]hat it's the last time that he's going to help [her], and that [she's] going to pay for it." See Commonwealth v. Regil, 82 Mass. App. Ct. 275, 276 (2012) (defendant said, "Watch your

---

[2] At the time of the contact, the abuse prevention order did not have a "no contact" provision.

3

back, because you're dead").  He called her stupid.  See Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 395 (2022) ("escalating anger" contributed to finding of abuse).  The victim "was scared of him," because she could not do what he demanded that she do.  Two days later, on Sunday, he called her ten to fifteen times.  See Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 553 (2023) (victim's rejection of defendant's communications contributed to finding of fear of imminent serious physical harm).  He did all of this despite a Probate and Family Court order that allowed him to contact the victim only once a week.  A juror could reasonably conclude that, in the context of the dispute over parenting time and the defendant's obsessive phone calling, the defendant's statement that the victim was "going to pay" placed the victim in reasonable fear of imminent serious physical harm.

2.  <u>Ineffective assistance of counsel</u>.  "Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that (1) the 'behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer' and (2) such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'"  Commonwealth v. Tavares, 491 Mass. 362, 365 (2023), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "A

4

strategic decision amounts to ineffective assistance 'only if it was manifestly unreasonable when made.'" Commonwealth v. Teixeira, 486 Mass. 617, 637 (2021), quoting Commonwealth v. Montez, 450 Mass. 736, 754 (2008). "We give particular deference to the decision of a motion judge who was also the trial judge." Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 326 (2023).

To be sure, trial counsel should have obtained an independent translation of both messages and then determined whether those translations were helpful. See Commonwealth v. Buchannon, 105 Mass. App. Ct. 225, 234 (2025). Nonetheless, the certified translation of the first message is not helpful to the defendant. Although it did not include the vague warning of "get[ting] even" and "consequences" that the victim testified to, it included the defendant's statement that he would come to the victim's place of work. This would have been both a violation of the abuse prevention order and would have significantly increased the imminency of the defendant's later threat by adding his stated plan to immediately come to where she was. As it was, defense counsel could rely on the police officer's translation of the first message, which essentially tracked the certified translation, except that it omitted the

5

threat to go to the victim's workplace.[3]  See Commonwealth v. Bois, 476 Mass. 15, 25 (2016) (no prejudice from counsel's not calling witness where evidence had "potentially harmful impact").

Moreover, the second message, which threatened that the victim was "going to pay for" not doing as he instructed, was the most important piece of evidence and was the focus of closing arguments.  Failing to use the different, and somewhat more troubling, translation of the first message did not deprive the defendant of a substantial ground of defense.[4]  See

---

[3] Why the officer's testimony was admissible is a mystery, see Commonwealth v. Portillo, 462 Mass. 324, 329 (2012), but of course the defendant had no reason to object to this favorable testimony.

[4] The defendant suggests that the certified translation could have been used to attack the victim's credibility, but this ignores the fact that the victim was not, in fact, translating the voice messages.  Rather, she was speaking in Spanish, and the certified court interpreter was providing the translation.

Commonwealth v. Salinger, 76 Mass. App. Ct. 776, 785 (2010).

                                     Judgment affirmed.

                                     Order denying postconviction motion for required finding of not guilty affirmed.

                                     Order denying motion for new trial affirmed.

                                     By the Court (Neyman, Ditkoff & Englander, JJ.[5]),

                                     Clerk

Entered:  October 14, 2025.

---

[5] The panelists are listed in order of seniority.

7