NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1365

ELIZABETH CERDA & another[1]

vs.

MICHAEL DUNN[2] & another.[3,4]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises from a series of disputes between the plaintiff, Carmen Berges, and the defendants, Michael Donahue and Michael Dunn, over the administration of the condominium association to which they each belong.[5]  The plaintiff filed a

---

[1] Carmen Berges.

[2] Individually and as trustee of the 10 Porter Street Condominium Trust.

[3] Michael Donahue, individually and as trustee of the 10 Porter Street Condominium Trust.

[4] We take the caption from the plaintiffs' amended complaint, as is our custom.  Cerda did not participate in this appeal but instead filed a separate appeal.

[5] For more detailed background on the disputes, see Trustees of the 10 Porter St. Condominium Trust v. Cerda, 99 Mass. App. Ct. 1106 (2021), which we incorporate by reference.

complaint in the Superior Court and alleged tort claims of abuse of process and interference with contractual relations and sought declaratory and equitable relief.[6]  The jury found the defendants not liable for the tort claims, and the judge issued declaratory judgments in the defendants' favor and granted the plaintiff no equitable relief.  We affirm.

Background.  We briefly summarize the facts as the jury could have found them.  The underlying controversy between the parties arose when the plaintiff and her daughter, each an owner of a unit in the condominium association, placed surveillance cameras in various locations on the property.  The defendants, as trustees of the association, demanded the plaintiff remove her cameras and assessed fines against her when she refused. The defendants issued special assessments, ostensibly requiring all owners in the association to pay a portion of costs for repairs, legal fees, and insurance premiums.  The plaintiff disputed the assessments but paid under protest.  The defendants reported to the bank holding the plaintiff's mortgage that the plaintiff was in arrears on condominium fee payments.  This caused the bank to pay the fees on the plaintiff's behalf to preserve its security interest in the property.  The bank, per

---

[6] The complaint also stated a claim for breach of fiduciary duty, which was dismissed prior to trial.

2

the mortgage contract, subsequently collected the fees directly from the plaintiff along with additional fees.

Later, the defendants commenced collection actions against the plaintiff and her daughter, which were adjudicated in a separate lawsuit.[7]  In that case, one of the plaintiff's cameras, placed on her unit's porch railing, was found to violate the rules of the condominium trust.  While that case was in progress, the plaintiff and her daughter filed the complaint that forms the basis of this case.

In September 2023, the judge bifurcated the trials of the plaintiff and her daughter, with the daughter's trial taking place first.  In that trial, the defendants were found liable for the daughter's tort claims.  The judge also entered a declaratory judgment based on special questions answered by the jury that, in relevant part, a special assessment imposed by the defendants was not essential to the financial integrity of the condominium trust nor fairly enforced against the owners.  The plaintiff's trial began in April 2024, and the jury found the defendants not liable for the torts of abuse of process and intentional interference with contractual relations.  The jury in the plaintiff's case also determined that the same assessment

---

[7] See Trustees of the 10 Porter St. Condominium Trust v. Cerda, 102 Mass. App. Ct. 1120 (2023), for more background.

3

discussed above was fairly enforced as to her, after it heard evidence that the work necessitating the assessment had been completed.  The plaintiff appeals, taking issue with several aspects of her trial.  We address each in turn.

Discussion.  1.  Motion for a new trial.  The plaintiff attempted to move for a new trial pursuant to Mass. R. Civ. P. 59 (a), 365 Mass. 827 (1974).  Her motion was stricken for failure to comply with the judge's June 12, 2024, order requiring the parties to seek leave of the court to file any additional motions.  On appeal, the plaintiff claims, essentially, that this order was an abuse of the judge's discretion.  We disagree.

Judges have the inherent power to manage their dockets. See Commonwealth v. Charles, 466 Mass. 63, 73 (2013), quoting Link v. Wabash R.R., 370 U.S. 626, 630-631 (1962) ("inherent power enables courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'").  By the time of the 2024 order, the judge had already warned the parties, on at least four occasions, not to engage in "unreasonable, if not abusive, tactics."  The parties nevertheless continued to file "numerous motions" in violation of the judge's previous orders.  Furthermore, the judge merely imposed a requirement that the parties indicate, in a two-page

4

motion, "the nature of, and basis for, any motion they seek to file." Fashioning such a requirement was well within the judge's inherent authority. See Charles, supra. Furthermore, the plaintiff made no attempt to comply with the judge's order to seek leave to file her motion for new trial, and it was appropriately stricken.

2. "Judicial notice" of facts adjudicated in the prior trial. The plaintiff next claims that the judge erred by failing to take judicial notice of certain facts established in her daughter's trial.[8] "We review a trial judge's evidentiary decisions under an abuse of discretion standard." N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013). We review any preserved error for prejudice. See Adoption of Ulrich, 94 Mass. App. Ct. 668, 680 (2019). The plaintiff argues, to the extent we can distill her argument, that the judge should have given the facts preclusive effect and

_____

[8] The facts at issue were: (1) the special assessment was unlawful; (2) the trustees did not enforce the condominium rules uniformly and fairly; (3) the trustees did not hold annual meetings pursuant to the governing documents; and (4) the trustees did not render an accounting to unit owners pursuant to the governing documents.

estopped the defendants from relitigating them.[9]  As a threshold

matter, three of the four issues the plaintiff raises are moot.[10]

As to the issue of the legality of the special assessment,

there was no abuse of discretion.  A trial judge has "'wide

discretion in determining whether' applying offensive collateral

estoppel 'would be fair to the defendant.'"  Pierce v. Morrison

Mahoney LLP, 452 Mass. 718, 731 (2008), quoting Bar Counsel v.

Board of Bar Overseers, 420 Mass. 6, 11 (1995).  To apply issue

preclusion, a court must determine that

> "(1) there was a final judgment on the merits in the prior
> adjudication; (2) the party against whom preclusion is
> asserted was a party (or in privity with a party) to the
> prior adjudication; and (3) the issue in the prior
> adjudication was identical to the issue in the current
> adjudication."

TJR Servs. LLC v. Hutchinson, 495 Mass. 142, 145 (2024), quoting

Kobrin v. Board of Registration in Med., 444 Mass. 837, 843

(2005).

---

[9] Ordinarily, an objection to the denial of a motion in limine does not preserve the issue for appellate review.  See Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001).  We nevertheless discuss the issue because the plaintiff attempted to introduce the facts during trial, despite the lack of sidebar when the defendants' objections were sustained.

[10] In the daughter's case, the court awarded equitable relief requiring the condominium trustees to hold annual meetings at a specified time and date and make accounting records available.  It also removed the defendants as trustees and prohibited them from serving as trustees for the condominium trust again.  Accordingly, there could be no prejudice to the plaintiff where she had already obtained relief.

6

In the previous case, the jury found that the trustees did not "fairly and reasonably enforce the $140,000 special assessment due January 1, 2017, against all owners between January 2016 and the present [September 29, 2023]" (emphasis added). The judge posed the same special question to the jury in the plaintiff's trial, which began on April 24, 2024. Because the issue in the plaintiff's trial included a period of time not included in the previous trial, the issues were not identical, and issue preclusion would be therefore improper. See TJR Servs. LLC, 495 Mass. at 145. Furthermore, the jury heard evidence that the work necessitating the assessment had been completed, which the judge had discretion to find was an "[o]ther compelling circumstance[] [that] make[s] it appropriate that the party be permitted to relitigate the issue." Bar Counsel, 420 Mass. at 12. Particularly where the chief concern is fairness to the defendants, see Pierce, 452 Mass. at 731, we cannot say the judge abused her discretion in permitting the defendants to litigate these issues.[11]

3. Loss of lien. The defendants had filed an action against the plaintiff to obtain a judgment for unpaid fines and

_____

[11] The plaintiff's argument that it was error for the judge to admit evidence not introduced at her daughter's trial similarly fails because the defendants were not precluded from litigating issues that arose in the previous trial.

7

late condominium fees.  The plaintiff contends that the judge failed to dismiss the defendants' counterclaim because they had lost their lien pursuant to G. L. c. 183A and G. L. c. 254, § 5. Her argument misunderstands the nature of the defendants' counterclaim and the purpose of the statute.  The defendants were seeking damages against the plaintiff and her unit for violating condominium rules, as well as injunctive and declaratory relief.  To the contrary, G. L. c. 183A, § 6 (c), states:  "Neither this section nor anything contained in [§§ 5 or 5A of G. L. c. 254] . . . . shall be deemed to prohibit actions to recover sums for which this subsection creates a lien . . . ."  There was, accordingly, no error.

4.  <u>Verdict contrary to the evidentiary record</u>.  The plaintiff next contends that the jury verdict was not supported by the evidence at trial.  The plaintiff articulates no legal argument as to how this court may overturn a jury verdict based on sufficiency of the evidence in a trial where the burden of proof was on the plaintiff.  Although the plaintiff points to evidence she claims proved her case, even if the evidence was uncontradicted, "the jury were not obliged to believe it." <u>Leigh</u> v. <u>Rule</u>, 331 Mass. 664, 667 (1954).  The plaintiff, in essence, disputes the jury's credibility determinations, but "[c]redibility is a question for the jury to decide; they may

8

accept or reject, in whole or in part, the testimony presented to them" (citation omitted).  Commonwealth v. Kapaia, 490 Mass. 787, 793 (2022).

5.  Other evidentiary issues.  The plaintiff raises multiple evidentiary issues, which we review for abuse of discretion.  See N.E. Physical Therapy Plus, Inc., 466 Mass. at 363.  First, she contends that the judge should have excluded certain testimony elicited by the defendants because it was allegedly perjurious.  The judge interrupted the testimony in question and conducted questioning in front of the jury to bring out the discrepancies between the witness's testimony in the two trials.[12]  This was within the judge's discretion -- "[a] trial judge is empowered to question witnesses in order to clarify an issue, to prevent perjury, or to develop trustworthy testimony." Commonwealth v. Paradise, 405 Mass. 141, 157 (1989).  To the extent the plaintiff complains of other irregularities with her trial, we are unpersuaded that the judge abused "her inherent authority reasonably to manage a trial."  Commonwealth v. Portillo, 462 Mass. 324, 332 (2012).

---

[12] The witness testified in the previous trial that he did not recall if he was asked to hold checks from the defendants for the special assessment.  In the plaintiff's trial, the witness testified that defendant Donahue asked him not to deposit the checks.

Second, the plaintiff claims that defendant Donahue committed and suborned perjury, and that the judge erred in failing to penalize him. Whether the defendant engaged in wrongdoing is not properly before this court. The plaintiff had the opportunity to cross-examine the defendant, and any discrepancies in his testimony belonged to the jury's assessment of credibility.

Third, the plaintiff argues the court erred in admitting evidence at her trial that was not admitted in the daughter's case. Her argument relies on an assertion of issue preclusion, which does not apply, as discussed above. Furthermore, the judge admitted the evidence for its relevance in the defendants' counterclaim against the plaintiff. The plaintiff here raises no argument why the evidence was not relevant, alleging only that the evidence was created after the close of the daughter's trial. The evidence was properly admitted.

Finally, the plaintiff asserts that the court erred in excluding evidence of her bank assessing legal fees. Although she argues this evidence was relevant to her abuse of process claim, she also alleges the fees were improperly assessed by the bank. The judge had the discretion to view this evidence as a dispute between the plaintiff and the bank that was tangential

10

to the plaintiff's claims against the defendants.  We discern no error from the exclusion of such evidence.

6.  <u>Declaratory judgment</u>.  The plaintiff takes issue with the judge's declaratory judgment as it relates to the placing of security cameras, arguing that the judge prejudiced her during trial by referring to the "entire balcony," rather than just the balcony railings.  Neither the special questions posed to the jury, nor the judgment, references the entire balcony.

The judgment did not alter the plaintiff's rights as to the full

balcony, and therefore the plaintiff was not prejudiced.[13,14]

                                    Judgment affirmed.

                                    By the Court (Meade, Walsh &
                                       Hodgens, JJ.[15]),

                                    Clerk


Entered:  October 29, 2025.

---

[13] The defendants' request for appellate attorney's fees is denied.  To the extent that the defendants request fees, pursuant to G. L. c. 183A, § 6, and the condominium contract, we note that the question of whether the plaintiff has a statutory or contractual obligation to indemnify the condominium association is not relevant to the trial, which is the only matter properly before us.  See Kettle Black of MA, LLC v. Commonwealth Pain Mgt. Connection, LLC, 101 Mass. App. Ct. 109, 111 n.3 (2022) (declining to pass judgment on decisions not properly before court).

[14] To the extent that we do not address other arguments raised by the plaintiff, they "have not been overlooked.  We find nothing in them that requires discussion."  Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[15] The panelists are listed in order of seniority.